# EXHIBIT A



**NEW YORK STATE OF OPPORTUNITY.** | **Department of Financial Services**

**KATHY HOCHUL**
Governor

**ADRIENNE A. HARRIS**
Superintendent

STATE OF NEW YORK
Civil Court, Albany

529206/2023

Dmitiri Voronin and Nina Voronin          Plaintiff(s)

against

Defendant(s)

AmGUARD Insurance Company

RE : AmGUARD Insurance Company

Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Verified Complaint Notice of E-Filing in the above entitled action on October 16, 2023 at Albany, New York. The $40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

Greenblat Agulnick Kremin, P.C.
510 Broadhollow Road, Suite 303
Melville, New York 11747

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

Matt OConnor
AmGUARD Insurance Company
PO Box A-H
Wilkes-Barre, Pennsylvania 18703

Rawle Lewis
Director of Producer Licensing

Dated Albany, New York, October 16, 2023
724908               alic0phd

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
DMITRI VORONIN and NINA VORONIN

                        Plaintiff/Petitioner,

  - against -                                Index No. 529206/2023

AMGUARD INSURANCE COMPANY

                        Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 208.4-a)

**You have received this Notice because:**

- The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and

- You are a Defendant/Respondent (a party) in this case.

**If you are represented by an attorney**: give this Notice to your attorney (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney: you are not required to e-file. You may serve and file documents in paper form and you must be served with documents in paper form. However, as a party without an attorney, you may participate in e-filing.**

### Benefits of E-Filing
You can:

- serve and file your documents electronically

- view your case file on-line

- limit your number of trips to the courthouse

- pay any court fees on-line.

There are no additional fees to file, view, or print your case records.

To sign up for e-filing or for more information about how e-filing works, you may:

- visit: www.nycourts.gov/efile-unrepresented or

- go to the Help Center or Clerk's Office at the court where the case was filed. To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile.

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: OCTOBER 10, 2023

SCOTT E. AGULNICK, ESQ.
Name

GREENBLATT AGULNICK KREMIN F
Firm Name

510 BROADHOLLOW ROAD, SUITE 3C
Address

MELVILLE, NEW YORK 11747

718-352-4800
Phone

SAGULNICK@GAKLAWFIRM.COM
E-Mail

To: AMGUARD INSURANCE COMF

39 PUBLIC SQUARE

WILKES-BARRE, PENNSYLVA

7/19/19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------X
DMITRI VORONIN and NINA VORONIN,

                              Plaintiffs,

                 -against-

AMGUARD INSURANCE COMPANY,

                             Defendant.
----------------------------------------------------------------X

Index No.

Date Filed:

**SUMMONS**

Plaintiffs designate KINGS County. The basis of the venue designated is residence of Plaintiff.

Plaintiffs' address:
2012 Gerritsen Avenue
Brooklyn, New York 11229

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** and required to serve upon Plaintiffs' attorney an answer to the complaint in this action within twenty (20) days after the service of this summons, exclusive of the day of service, or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Melville, New York
         October 10, 2023

                                      Yours, etc.
                                      **GREENBLATT AGULNICK KREMIN P.C.,**

                                      By: _____
                                          Scott E. Agulnick, Esq.
                                      *Attorney for Plaintiffs*
                                      **DMITRI VORONIN and NINA VORONIN**
                                      510 Broadhollow Road, Suite 303
                                      Melville, New York 11747
                                      Tel: (718) 352-4800
                                      Fax: (718) 732-2110

Defendant's Address:

AmGUARD Insurance Company
39 Public Square
Wilkes-Barre, Pennsylvania 18703-0020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------X
DMITRI VORONIN and NINA VORONIN,

        Plaintiffs,

    -against-

AMGUARD INSURANCE COMPANY,

        Defendant.
-----------------------------------------------------------------X

Index No.

**VERIFIED COMPLAINT**

    Plaintiffs **DMITRI VORONIN and NINA VORONIN**, by their attorneys, **GREENBLATT AGULNICK KREMIN, P.C.**, for their Verified Complaint against the Defendant AMGUARD INSURANCE COMPANY, allege as follows:

## THE PARTIES

    1. DMITRI VORONIN and NINA VORONIN (hereinafter the "VORONINS") are husband and wife and individuals with a residence located at 2012 Gerritsen Avenue, Brooklyn, New York 11229 in the County of Kings, and State of New York.

    2. That Defendant AMGUARD INSURANCE COMPANY (hereinafter "AMGUARD" or "Insurance Company") is a domestic corporation with its principal offices located at 39 Public Square, Wilkes-Barre, Pennsylvania 18703-0020.

    3. Defendant AMGUARD, its subsidiary, and/or agent is an insurance company licensed, admitted, engaging in, and authorized to engage in the business of liability and casualty insurance, including homeowner's insurance coverage in the State of New York, with offices for the transaction of business located within the State of New York.

    4. Plaintiffs bring this action against Defendant AMGUARD with regard to Defendant AMGUARD's failure to fully indemnify Plaintiffs for their loss and insurance claim following

water damage at 2012 Gerritsen Avenue, Brooklyn (hereinafter the "Property"), which occurred suddenly and accidentally on or about October 6, 2022, the facts and circumstances being more fully set forth below.

## RELEVANT FACTS

5. That Defendant AMGUARD, its subsidiary, and/or agent, for good and valuable consideration and a premium paid, issued and/or reissued to Plaintiffs an insurance policy, including endorsements and amendments thereto which became a part of said policy, bearing the Policy No. DMHO315596 (hereinafter the "Policy"), whereby it insured the Property and contents therein against all risks of loss to the Property up to the limits contained therein, including, *inter alia*, loss from water damage. The Policy was signed by the authorized agents of Defendant AMGUARD, its subsidiary, and/or agent.

6. Pursuant to the Policy, Defendant AMGUARD, its subsidiary, and/or agent agreed to insure the Plaintiffs against loss of property caused by, *inter alia*, water damage. Defendant AMGUARD, its subsidiary, and/or agent, during the policy terms, and agreed to indemnify Plaintiffs against loss or damage sustained to the Property and certain contents therein.

7. On or about October 6, 2022, and while the insurance policy was in full force and effect, water discharged from the plumbing system at the Property, causing water damage to the dwelling and certain contents therein (hereinafter the "Loss").

8. By reason of the above-mentioned occurrence, Plaintiffs have sustained a direct loss to the dwelling and certain contents therein which is covered under the terms of the Policy.

9. Defendant AMGUARD, its subsidiary, and/or agent, was notified of the subject Loss as soon thereafter as was practicable and a claim was submitted (hereinafter the "Claim").

10. Plaintiffs have submitted to Defendant AMGUARD's request for a complete

investigation of all the facts and circumstances surrounding the loss, to the extent that such was requested by Defendant.

11. Plaintiffs have satisfied all conditions precedent to the instant suit.

12. At all times mentioned, Plaintiffs have not obtained any other insurance upon the Property.

13. By reason of Defendant AMGUARD's contractual undertaking to Plaintiffs, pursuant to the Policy, to properly evaluate and pay claims thereunder to the extent of Plaintiffs' loss up to the limits prescribed by the Policy, Insurance Company owed and continues to owe Plaintiffs the duties of good faith and fair dealing in connection with the parties' contractual relationship.

14. In accordance with the aforesaid duties of good faith and fair dealing, Insurance Company was and is prohibited from undertaking any act which would have the effect of injuring or destroying Plaintiffs' rights deriving from their contractual relationship with Insurance Company under the Policy.

15. That despite their duties of good faith and fair dealing, AMGUARD failed, refused, and/or denied material aspects of the Claim, and otherwise disregarded the Plaintiffs' actual rights under the Policy and breached the Policy.

16. That the Defendant's failure and refusal to fully indemnify Plaintiffs under the Policy was self-serving and deceptive, and in bad faith.

17. By, *inter alia,* failing to pay Plaintiffs under the Policy to the full extent of Plaintiffs' loss up to the limits of the Policy, despite legal precedent, statutory authority, and/or contractual obligations, Insurance Company acted in bad faith and breached the duties of good faith and fair dealing owed to Plaintiffs.

18. Furthermore, Insurance Company, and its agents, servants and/or employees, are governed by the regulations promulgated by the Superintendent of Insurance of the New York State Insurance Department as set forth in 11 NYCRR § 216, which Defendant violated.

19. The New York Insurance Law prohibits and/or requires certain actions by insurers, their agents, and representatives; and conduct by insurers, their agents and representatives. Deviating from the following, as AMGUARD did is deemed unfair claim settlement practice thereunder:

(a) Insurers may not engage in failing to acknowledge with reasonable promptness pertinent communications as to claims arising under their policies.

(b) Insurers may not fail to adopt and implement reasonable standards for the prompt investigation of claims arising under their policies.

(c) Insurers may not fail to attempt in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear.

(d) Insurers may not compel policyholders to institute suits to recover amounts due under their policies by offering substantially less than the amounts ultimately recovered in suits brought by them.

20. Insurance Company's actions toward Plaintiffs are part of a pattern and practice by Insurance Company to sell insurance policies to property owners, and then subsequently take the position that, under its latest interpretation or based upon its purported investigation, there is or may be limited or no coverage, effectively denying, reducing, or hindering the processing of legitimate claims.

21. Insurance Company regularly denies otherwise legitimate claims, setting forth frivolous grounds for the denial, that are contrary to fact, common sense, and causation.

22. The Defendant AMGUARD has failed to and/or refused to fully indemnify the Plaintiffs for their total loss in an amount, with the outstanding amounts to be determined at the time of trial but believed to be in excess of seventy-five thousand dollars ($75,000.00), although a demand has been made.

### AND AS FOR A FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

23. Plaintiffs repeat and re-allege all allegations previously set forth in the instant complaint as if more completely and fully set forth herein.

24. By failing to pay Plaintiffs under the Policy to the full extent of Plaintiffs' loss up to the limits of the Policy and based upon their conduct as set forth above, AMGUARD breached its obligation under the Policy with regard to the Loss at the Property as well as their duty of good faith and fair dealing.

25. As a result of AMGUARD's breach, Plaintiffs have been damaged in an amount to be determined at the time of trial but believed to be in excess of seventy-five thousand dollars ($75,000.00), plus appropriate statutory interest of nine percent (9%) from the date of the loss.

26. As a further result of Insurance Company's breach and bad faith, Plaintiffs have suffered additional consequential damages in an amount to be determined at the time of trial, and pursuant to the Bi-Economy Market, Inc. v. Harleysville Insurance Company of New York line of cases, but believed to be in excess of twenty-five thousand dollars ($25,000.00).

27. That consequential damages were at all times foreseeable, in that it is foreseeable that an insured will suffer additional losses when the defendant fails to fully indemnify an insured in a timely manner.

28. That it was at all relevant times both expected and foreseeable that Plaintiffs will sustain damages including the loss of use and enjoyment of the Property, inability to make repairs,

FILED: KINGS COUNTY CLERK 10/10/2023 03:58 PM
NYSCEF DOC. NO. 2

Case 1:23-cv-08414-FB-MMH   Document 1-1   Filed 11/13/23   Page 12 of 16 PageID #: 15
INDEX NO. 529206/2023
RECEIVED NYSCEF: 10/10/2023

lowered value of the Property, stigma to the Property, the need to procure alternative funds, opportunity costs, and other reasonably expected expenses.

**WHEREFORE**, Plaintiffs **DMITRI VORONIN and NINA VORONIN**, demand judgment against Defendant **AMGUARD INSURANCE COMPANY** as follows:

a. Under the FIRST Cause of Action, damages in an amount to be determined at trial but believed to be in excess of seventy-five thousand dollars ($75,000.00), plus appropriate statutory interest of nine percent (9%) from the date of the loss; plus consequential damages in an amount to be determined at trial but believed to be in excess of twenty-five thousand dollars ($25,000.00);

b. Awarding Plaintiffs interest, the costs, expenses, and disbursements of this action;

c. Plaintiffs hereby demand a jury trial on all issues;

d. Such further relief as this Court deems just and proper.

Dated: Melville, New York
October 10, 2023

Yours, etc.
**GREENBLATT AGULNICK KREMIN P.C.**,

By: _____
Scott E. Agulnick, Esq.
*Attorney for Plaintiffs*
**DMITRI VORONIN and NINA VORONIN**
510 Broadhollow Road, Suite 303
Melville, New York 11747
Tel: (718) 352-4800
Fax: (718) 732-2110

## ATTORNEY VERIFICATION

The undersigned, an attorney admitted to practice law in the State of New York, affirms the following to be true under penalty of perjury:

I have read the foregoing Summons and Verified Complaint and, upon information and belief, believe the contents thereof to be true. The basis of my belief is a review of the file maintained in my office. The reason I make this verification is because my client does not reside within the county in which I maintain my office.

Dated: Melville, New York
October 10, 2023

_____
SCOTT E. AGULNICK, ESQ.

Index No:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

DMITRI VORONIN and NINA VORONIN,

                Plaintiffs,

-against-

AMGUARD INSURANCE COMPANY,

                Defendant.

**SUMMONS AND VERIFIED COMPLAINT**

**GREENBLATT AGULNICK KREMIN P.C.**
*Attorneys for PLAINTIFF(S)*
*Office and Post Office Address, Telephone*
510 Broadhollow Rd., Suite 303
Melville, New York 11021
Tel:(718) 352- 4800
Fax:(718) 732- 2110

**"WE DO NOT ACCEPT SERVICE BY ELECTRONIC TRANSMISSION (FAX)"**

To:
Attorney(s) for *DEFENDANT(S)*

**Certification pursuant to 22 NYCRR 130-1.1(a)**
It is hereby certified that, to the best of the undersigned's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper and/or the contentions herein are not frivolous as defined in section 130-1.1(c).

10/10/2023
Dated

SCOTT E. AGULNICK, ESQ.

Service of a copy of the within          is hereby **admitted**



# NYSCEF Confirmation Notice
# Kings County Supreme Court

The NYSCEF website has received an electronic filing on 10/10/2023 03:58 PM. Please keep this notice as a confirmation of this filing.

**529206/2023**
**DMITRI VORONIN et al v. AMGUARD INSURANCE COMPANY**
Assigned Judge: None Recorded

## Documents Received on 10/10/2023 03:58 PM

| Doc # | Document Type |
|---|---|
| 2 | COMPLAINT (AMENDED) |

## Filing User

Scott E Agulnick | sagulnick@gaklawfirm.com | 718-352-4800
510 Broadhollow Road Suite 303, Melville, NY 11747

## E-mail Service Notifications

An email regarding this filing has been sent to the following on 10/10/2023 03:58 PM:

**SCOTT E. AGULNICK - sagulnick@gaklawfirm.com**

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | AMGUARD INSURANCE COMPANY | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov
Phone: Phone: 347-404-9762    Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

IAL SERVICES
ERCE PLAZA
Y 12257

Matt OConnor
AmGUARD Insurance Company
PO Box A-H
Willkes-Barre, Pennsylvania 18703